### JAMES CUNNINGHAM, Respondent, v. LAHR MOTOR SALES COMPANY, a Corporation, Appellant.

(198 N. W. 347.)

**Warehousemen — statutory obligation to ascertain validity of adverse claims.**

1. While, under § 18, chapter 250 of the Laws of 1917 (The Uniform Warehouse Receipts Act), a warehouseman is excused from liability for refusing to deliver goods to one claiming adversely to the depositor until he has had a reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings in interpleader, if he refuses to deliver goods to the true owner, he is under obligation to make reasonable efforts to ascertain the validity of the adverse claims.

**Warehousemen — second demand not prerequisite of recovery for conversion.**

2. Where a warehouseman, availing himself of his right under § 18, chapter 250 of the Laws of 1917, refuses to deliver goods to the true owner, upon demand, a second demand is not a prerequisite of an action to recover damages for conversion.

Opinion filed April 1, 1924.

Warehousemen, 40 Cyc. pp. 440 n. 36; 442 n. 60.

Appeal from the District Court of Burleigh County, *Jansonius,* J. Affirmed.

*Scott Cameron,* for appellant.

*Theodore Koffel,* for respondent.

Note.—Liability of warehouseman for conversion, see 27 R. C. L. 1000.

A bailee cannot make a valid sale of the property which is the subject of the bailment even to a bona fide purchaser in good faith. Medlin v. Wilkinson, 81 Ala. 147; Johnson v. Miller, 16 Ohio, 431.

The bailor could pursue the property and retake it from the bona fide purchaser and his title would not be impaired by the pretended sale. Calhoun v. Thompson, 56 Ala. 166.

It is the duty of a bailee at the termination or accomplishment of the bailment to redeliver the property upon demand and a refusal to do so is a conversion of the subject of bailment. Van Zile, Bailm. § 63.

A warehouseman is a bailee for compensation or hire bound to exercise ordinary care. Inland Compress Co. v. Simmons, 159 Pac. 262; Brown Shoe Co. v. Hardin, L.R.A.1916D, 1199.

A garage keeper must exercise a reasonable diligence to recover a car stolen by his employee. Tacoma Auto Livery Co. v. Union Motor Car Co. 151 Pac. 243.

A warehouseman is held to the same accountability as other bailees, and where a bailor directed that the car be delivered to him personally the bailee was held liable where he delivered it to plaintiff's chauffeur on written order from plaintiff's daughter. Doyle v. Peerless Motor Co. 116 N. E. 257.

Even where the property is taken under legal process the warehouseman must give the bailor notice is not a party to the proceedings and where that cannot be done must notify the plaintiff that it is the property of the bailor to defend the title of the bailor in the proceedings. Witherington v. Lawrence County Farmers Co-op. Warehouse Co. 90 S. E. 288; Mayer v. Miller, 213 Ill. App. 1918; Morris Storage & Transfer Co. v. Wilkes, 58 S. E. 232.

BIRDZELL, J. This is an appeal from a judgment in favor of the plaintiff in an action for the conversion of an automobile. It is undisputed that the plaintiff was the owner of the car and that the defendant was in possession thereof as a warehouseman in August, 1922, when delivery was demanded by the plaintiff's agent. The plaintiff had originally left the car in a garage in Hazelton with directions that it might be delivered to him later in Bismarck. Thereafter, the car was let to one who desired to make the trip from Hazelton to Bismarck and when the latter arrived in Bismarck he stored the car with the

defendant as a warehouseman, taking therefor a receipt or ticket to evidence his right to redelivery. Some time near the middle of August, 1922 the plaintiff directed his father-in-law, J. W. Olson, to get the car. After failure to find it at Hazelton, Olson located it in the warehouse of the defendant in Bismarck. He demanded its delivery, offering to pay the storage charges; but, as he did not have the storage ticket, delivery was refused. About six days later he again called upon the defendant and demanded the car. On or about October 16th this action was begun.

The only question raised on the appeal is predicated upon the instructions to the jury. The court charged the jury that the only question for them to consider was whether or not the defendant had made a bona fide effort to determine the ownership of the car after the plaintiff demanded possession and before this action was commenced on October 16, 1922. The defendant had requested the court to charge that there could be no conversion unless the jury should find that there had been a second demand and refusal after a reasonable time had elapsed for the defendant to investigate the respective claims to the property. It is contended upon this appeal that the law governing the case is contained in the request rather than in the charge given. The theory of the appellant is that where goods stored with a warehouseman by one person are demanded by another, not armed with evidence of his ownership and right to possession, the warehouseman has a reasonable time within which to investigate the rival claims and that it may not be held for a conversion until a second demand has been made after a reasonable time for investigation has elapsed. The theory embraced in the instruction given by the trial court is that, conceding the right of the warehouseman to a reasonable time for investigation, after the reasonable time has elapsed without an investigation and without a compliance with the demand the conversion is complete and the plaintiff may sue. In this connection the appellant relies upon § 18, chapter 250, Laws of 1917 (The Uniform Warehouse Receipts Act). The section reads:

"If some one other than the depositor or person claiming under him has a claim to the title or possession of the goods, and the warehouseman has information of such claim, the warehouseman shall be excused from liability for refusing to deliver the goods, either to the

depositor or person claiming under him or to the adverse claimant, until the warehouseman has had a reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings to compel all claimants to interplead."

It is urged that under this statute there can be no conversion by virtue of the refusal to comply with the first demand, since the warehouseman is given the right to refuse to deliver the goods until he has had a reasonable time to ascertain the validity of adverse claims or bring legal proceedings. The argument seems to be based upon a misconception of the elements of a conversion and of the office of a demand. A conversion, says Cooley on the Law of Torts, vol. 2, 3d ed. p. 859, is "any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it," and at page 872, the same author says: "The refusal to surrender possession in response to a demand is not of itself a conversion; it is only evidence of a conversion, and like other inconclusive acts is open to explanation." See also Rolette State Bank v. Minnekota Elevator Co. ante, 141, 195 N. W. 6.

Our statute, Compiled Laws of 1913, provides:

Section 5946. "One who obtains a thing without consent of its owner or by a consent afterwards rescinded, or by an unlawful exaction which the owner could not at the time prudently refuse must restore it to the person from whom it was thus obtained, unless he has acquired a title thereto superior to that of such other person, or unless the transaction was corrupt and unlawful on both sides."

Section 5947. "The restoration required by the last section must be made without demand; except when a thing is obtained by mutual mistake, in which case the party obtaining the thing is not bound to return it until he has notice of the mistake."

We are clearly of the opinion that it was not the intention of the legislature, in enacting § 18 of the Warehouse Receipts Act, chapter 250 of the Laws of 1917, to change these fundamental rules of liability further than to excuse a warehouseman for refusing to deliver goods to which an adverse claim is made during such reasonable time as may be required to ascertain the validity of the claim or to institute an action to compel the claimants to litigate the claim. If the warehouseman elects, under § 18, to refrain from delivering to a claimant

upon demand, it assumes the affirmative obligation of inquiry as to the validity of the claim made or the obligation of instituting legal proceedings in the nature of interpleader. If it should develop that the plaintiff is the owner, that following the demand and refusal the defendant has made no investigation or inquiry, or that a reasonable time after the first demand has elapsed and that the defendant has neither instituted legal proceedings nor complied with the plaintiff's demand nor offered to do so, it must, in our opinion, be held that its continued possession is an act of dominion in denial of the plaintiff's right. We are of the opinion that the instruction given was not erroneous.

The judgment appealed from is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and JOHNSON, JJ., concur.